Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMAL BELTON,**<br><br>              **Plaintiff,**<br><br>      v.<br><br>**MERRILL MAIN, et al.,**<br><br>              **Defendants.** | Civil Action No.: 18-6022 (ES) (CLW)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Plaintiff Jamal Belton is a civilly committed detainee at the Special Treatment Unit (the "STU") in Avenel, New Jersey pursuant to New Jersey's Sexually Violent Predators Act, N.J. Stat. §§ 30:4-27.24 to 30:4-27.38. He is proceeding *pro se* and *in forma pauperis* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). Before the Court are the Defendants' respective motions to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (D.E. Nos. 55 & 56). For the reasons below, the motions are **GRANTED**, and this matter is **DISMISSED** *with prejudice*.

**I.      BACKGROUND**

Plaintiff initiated this action on or around April 10, 2018. (*See* Compl.). In his Complaint, Plaintiff brings due process claims against Defendants Marc Sims, Lt. Estrada, and Sgt. Knox for allegedly denying or reducing sex offender treatment sessions for non-medical reasons; retaliation claims against Defendants Jacylen Ottino and Shantay Adams for allegedly threatening to place Plaintiff on lockup for filing grievances; and supervisor liability claims against Defendants Merrill Main and Keisha Fisher. (*See id.*).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the claims against Defendants Main and Fisher because Plaintiff failed to allege their personal involvement. (*See* D.E. No. 6). However, the Court permitted Plaintiff's other claims to proceed. (*See id.*).

Defendants Sims and Estrada answered on September 26, 2019. (*See* D.E. No. 12). Defendants Ottino and Adams moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 23, 2019. (*See* D.E. No. 17).[1]

On November 4, 2019, Magistrate Judge Waldor held a telephonic pretrial conference and entered a scheduling order. (D.E. No. 18). Pursuant to the scheduling order, the parties were to serve written discovery requests by December 6, 2019, and respond to the other parties' requests by January 6, 2020. (*See id.*).

On or around November 15, 2019, Defendants Adams and Ottino served Plaintiff with written discovery requests (*see* D.E. No. 56), and on or around December 19, 2019, Defendants Sims and Estrada did the same (*see* D.E. No. 55-2 ¶ 6). Several weeks after the scheduling order's deadline had passed for responding to the requests, Defendants Sims and Estrada sent Plaintiff a deficiency letter. (*See id.* ¶ 7).

On February 26, 2020, Plaintiff wrote the Court acknowledging receipt of Defendants' discovery requests and moved for appointment of counsel. (*See* D.E. Nos. 23 & 24). In the letter, Plaintiff explained that he already submitted to the Court all the documents that Defendants had

---

[1] It appears that Plaintiff never served nor caused to be served summons and a copy of the Complaint upon Defendant Sgt. Knox pursuant to Fed. R. Civ. P. 4(c)(1). (*See* D.E. No. 9). Accordingly, Defendant Knox has not responded to the Complaint or entered an appearance.

2

requested. (*See* D.E. No. 23).[2] Plaintiff also explained that he was struggling to respond to Defendants' various submissions because he lacked access to the law library. (*See id.*).

Judge Waldor denied Plaintiff's motion for appointment of counsel without prejudice on May 19, 2020. (*See* D.E. No. 26). The following day, in light of Petitioner's *pro se* status, the Undersigned extended the time Petitioner had to file his response to Defendants Ottino and Adams's pending motion to dismiss to July 20, 2020. (*See* D.E. No. 27).

On July 24, 2020, after Plaintiff's time to respond to the motion to dismiss had passed, Plaintiff wrote the Court again. (*See* D.E. No. 30). Plaintiff explained that he cannot respond to "any court documents" because the STU is on lock down and he does not have access to the law library. (*See* D.E. No. 30).

Judge Waldor held a status conference on November 12, 2020, to address Plaintiff's failure to respond to discovery and the motion to dismiss. (*See* D.E. No. 31). Judge Waldor issued a text order stating "[Plaintiff] now has access to the law library which has been closed due to COVID and will oppose the Motion to Dismiss by December 14, 2020. [Plaintiff] will also answer interrogatories by December 14, 2020." (*Id.*).

On November 26, 2020, Plaintiff wrote the Court complaining that Defendants were constantly sending him interrogatories. (D.E. No. 33). Plaintiff insisted that he responded to the interrogatories via certified mail with return receipt, but that Defendants kept claiming that they did not receive them. (*Id.*).

On December 15, 2020, Plaintiff wrote the Court once more, insisting that he still does not have access to the law library. (*See* D.E. No. 35). In response, Judge Waldor issued a text order

---

[2] The letter included what appears to be Plaintiff's written responses to Defendants' request for documents, to which Plaintiff responded "submitted to courts, I don't have means of obtaining any copies of case" to every request. (*See id.*).

3

indicating that "[t]he Court has received varying information regarding Plaintiff's access to the law library" and directing that "Plaintiff shall advise the Court by January 19, 2021 as to whether he has access to materials that will enable him to oppose Defendants' motion to dismiss." (D.E. No. 36). Rather than comply with Judge Waldor's Order, however, Plaintiff filed another motion for appointment of counsel (*see* D.E. No. 37), which Judge Waldor denied on January 25, 2021 (*see* D.E. No. 38).

Judge Waldor held another telephone status conference on February 23, 2021. (*See* D.E. No. 40). On the same day, Judge Waldor issued a texted order stating "[t]his will be the final time the Court will allow [Plaintiff] to respond to discovery and the Motions to Dismiss," and Judge Waldor extended the time to respond to each to March 19, 2021. (D.E. No. 41).

On March 1, 2021, Plaintiff filed a motion to stay the proceedings for thirty days. (*See* D.E. No. 42). In the motion, Plaintiff noted that the STU's law library is experiencing a software malfunction preventing him from responding to Defendants' motion to dismiss, among other things. (*See id.*).

On March 16, 2021, Judge Waldor granted Plaintiff's motion and extended the deadline for Plaintiff to respond to Defendants' motion to dismiss and interrogatories to April 19, 2021. (*See* D.E. No. 46). The order noted that the deadline would not be extended again absent a showing of good cause. (*See id.*).

On or around April 15, 2021, Plaintiff wrote the Court informing it that he was still awaiting the Court's ruling on his motion to stay the proceedings. (*See* D.E. No. 48). The letter indicated that the law library "is now functioning once again" but also indicated that he requires more time to comply with the Court's orders. (*See id.*).

After Plaintiff failed to meet the April 19, 2021 deadline, Defendants Sims and Estrada filed their first motion to dismiss for failure to prosecute. (D.E. No. 48). In the motion, Defendants Sims and Estrada noted that Plaintiff had yet to answer their outstanding discovery requests. (*See id.*).

On April 28, 2021, Judge Waldor entered a text order indicating that the Court would decide Defendants' motion to dismiss for failure to prosecute in due course and noted that Plaintiff's opposition to the motion is due May 3, 2021. (*See* D.E. No. 49). Judge Waldor also clarified that Her Honor had already granted Plaintiff's motion to stay the proceedings. (*See id.*).

Judge Waldor conducted another telephone conference call on May 17, 2021. (*See* D.E. No. 50). Judge Waldor entered a text order the same day stating that "Plaintiff has failed to meet discovery deadlines as proscribed in Dkts. #31, 46, 47, 49," and "Plaintiff claims he has provided answers to interrogatories and a response to motion to dismiss on the merits but could not provide proof of same." (*See id.*).

On July 6, 2021, Judge Waldor entered a text order scheduling another status conference call for September 28, 2021. (*See* D.E. No. 51). Judge Waldor also terminated Defendants Sims and Estrada's motion to dismiss for lack of prosecution pending the status conference. (*See id.*). The order indicated that the Defendants could move again to dismiss after the conference call. (*See id.*).

After the conference call apparently did not resolve the issues, Defendants Estrada and Sims filed their second motion to dismiss for lack of prosecution on November 22, 2021. (*See* D.E. No. 55). On March 7, 2022, Defendants Adams and Ottino submitted a letter motion adopting the arguments set forth in Defendants Estrada and Sims's motion. (*See* D.E. No. 56).

Finally, on April 25, 2022, the Undersigned ordered Plaintiff to show cause within thirty days why the Court should not dismiss the matter for failure to prosecute. (D.E. No. 57). The order noted that Plaintiff's failure to respond would result in dismissal of the matter with prejudice. (*See id.*). As of this date, Plaintiff has not responded to the order to show cause or otherwise responded to Defendants' motions to dismiss for lack of prosecution.

## II.     LEGAL STANDARD

A defendant may move to dismiss a claim against him where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). In deciding such a motion, a district court should consider six factors:

> (1)   The extent of the party's personal responsibility;
> (2)   the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3)   a history of dilatoriness;
> (4)   whether the conduct of the party or the attorney was willful or in bad faith;
> (5)   the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6)   the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Not all the factors need to be satisfied to justify dismissal, and none of the factors is alone dispositive. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

## III.    DISCUSSION

First, the Court makes findings as to each *Poulis* factor. Then, the Court proceeds to weigh the factors. Finally, the Court concludes that Plaintiff's conduct in this matter warrants dismissal

with prejudice.

### A. Application of the *Poulis* Factors

#### i. Plaintiff's Personal Responsibility

"The first factor asks whether the party himself, as opposed to the party's counsel, 'bears personal responsibility for the action or inaction which led to the dismissal.'" *Cox v. UPS*, 753 F. App'x 103, 105 (3d Cir. 2018). Where, as here, a plaintiff is unrepresented by counsel, the answer to this inquiry is simple: "a *pro se* plaintiff is responsible for his failure to . . . comply with a court's orders." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). "Moreover, it is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Id.* at 258–59. Accordingly, Plaintiff bears sole responsibility for his failures, documented above and below, in prosecuting this action. The Court finds that this factor weighs in favor of dismissal.

#### ii. Prejudice to Defendants

"Prejudice to the adversary is a particularly important factor in the *Poulis* analysis, and evidence of 'true prejudice . . . bear[s] substantial weight in support of a dismissal." *Hildebrand*, 923 F.3d at 134. Relevant examples of prejudice include "the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary," and "the burden imposed by impeding a party's ability prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003).

Here, Plaintiff's failure to prosecute this matter has caused Defendants significant prejudice. His repeated and prolonged refusal to respond to Defendants' discovery requests and motions has left them little choice but to file motions to dismiss for lack of prosecution. They

have expended, and thereby wasted, necessary resources defending this matter in response to Plaintiffs' dilatory and bad faith litigation conduct. Defendants have been unable to move this case forward and prepare a defense of this matter because Plaintiff has, in essence, stopped litigating it. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### iii.   History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted willfully or in bad faith. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness . . . ." *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). In evaluating bad faith, "a court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135.

As detailed above, Plaintiff failed to comply with numerous orders, and his failure to respond to Defendants' discovery requests and motions has caused significant delays in his case. Plaintiff has failed to respond to Defendants' interrogatories and other discovery requests for approximately two years, he has made multiple requests for extensions and stays based on false promises to respond to Defendants' discovery and motions, and he has failed to meet numerous deadlines throughout the duration of the matter. Although Plaintiff initially complained about access to the law library, that issue was apparently resolved, and Plaintiff continued to fail to meet deadlines. Moreover, it is not clear how Plaintiff's lack of access to the law library prevented him from responding to Defendants' interrogatories. Further, Plaintiff has completely ignored the Undersigned's admonition that his failure to respond to the order to show cause would result in

dismissal of the matter with prejudice. Accordingly, the Court finds that Plaintiff's history of dilatoriness is extensive and willful, and these factors weigh in favor of dismissal.

### iv. Effectiveness of Alternative Sanctions

"A district court must consider alternative sanctions before dismissing a case with prejudice." *Briscoe*, 538 F.3d at 262. Alternative sanctions need not be completely ameliorative and place the aggrieved party in the position it was in prior to the dilatory behavior. *See Hildebrand*, 923 F.3d at 136. Rather, alternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency. *Id.*

Here, alternative sanctions would not be adequate. Because Plaintiff is proceeding *pro se*, he has no attorney upon whom the Court could impose sanctions for failing to comply with the Court's orders. *See Briscoe*, 538 F.3d at 263. Moreover, as Plaintiff is incarcerated and proceeding *in forma paupers*, he would not be able to pay monetary sanctions. *See id.* Staying further proceedings would not sanction Plaintiff but rather reward him for stalling. *See Cox*, 753 F. App'x at 106. Threats of contempt are unlikely to induce Plaintiff's compliance in light of his history of dilatoriness and unwillingness to obey the Court's orders. *See id.* Finally, any appropriate evidentiary sanction would be tantamount to a dismissal and would only delay entering judgment against Plaintiff. *See id.* Accordingly, the Court finds that this factor weighs in favor of dismissal.

### v. Merits of Plaintiff's Claims

Finally, the Court must consider the merits of Plaintiff's claims. In determining whether a plaintiff's claim is meritorious for the purpose of considering a motion to dismiss for failure to prosecute, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263; *see, e.g.*, *Hildebrand*, 923 F.3d at 137. Thus, courts deem "[a] claim . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery

by plaintiff . . . ." *Poulis*, 747 F.2d at 869–70.

Under this standard, Plaintiff's claims, if proven at trial, have some merit. Plaintiff alleges sufficient facts to plausibly state due process claims against Defendants Sims and Estrada for allegedly denying or reducing sex offender treatment sessions for non-medical reasons and retaliation claims against Defendants Ottino and Adams for allegedly threatening to place Plaintiff on lockup for filing grievances. (*See* D.E. No. 6). However, the true merit of Plaintiff's claim cannot adequately be determined without discovery. Accordingly, while the Court finds that this factor weighs against dismissal, it is of minimal value.

### B. Weighing of the *Poulis* Factors

On balance, the Court finds that the *Poulis* factors weigh in favor of dismissal. Although Plaintiff's claims, if proven at trial, have some merit, that factor is not alone dispositive, and the other five factors weigh decisively in favor of dismissal. Moreover, the Undersigned warned Plaintiff that dismissal with prejudice would be the sanction for failing to comply with the order to show cause. He could have heeded that warning, but he did not.

### IV. CONCLUSION

For the reasons stated above, the motions (D.E. Nos. 55 & 56) are **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED** *with prejudice*. An appropriate Order follows.

Date: August 8, 2022

                                                              Hon. Esther Salas, U.S.D.J.